IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02187-GPG

BRADLEY RYAN KENDRICK,

    Plaintiff,

v.

7-ELEVEN INC.,

    Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, Bradley Ryan Kendrick, has filed *pro se* a Title VII Complaint (ECF No. 8) against Defendant 7-Eleven Inc., claiming discrimination on the basis of sex and sexual orientation. On January 7, 2016, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it appears that Plaintiff did not properly exhaust administrative remedies before filing suit because (1) he failed to allege that he has received a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC); and (2) he alleged that his charge of discrimination was filed with the EEOC five days after the instant action was commenced. (*See* ECF No. 8, at 2). Accordingly, Magistrate Judge Gallagher ordered Plaintiff to show cause why the Title VII Complaint should not be dismissed for failure to exhaust administrative remedies. (*See* ECF No. 16). Plaintiff now has failed to respond to the Order to Show Cause within the time allowed.

The Court may raise subject matter jurisdiction *sua sponte* at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Under Title VII of the Civil Rights Act of 1964, the exhaustion of

administrative remedies is a jurisdictional prerequisite to instituting an action in federal court. *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996), *cert denied*, 520 U.S. 1115 (1997); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002) (noting that "a failure to file an administrative charge at all . . . is a jurisdictional bar") (citing *Jones*, 91 F.3d at 1399 n.1). The failure to file an administrative Title VII claim before bringing suit is jurisdictionally fatal and requires dismissal. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

"The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). Because Plaintiff has failed to do so the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint (ECF No. 8) and the action are dismissed without prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   12th   day of    February   , 2016.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
UNITED STATES DISTRICT COURT